# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY JAMES OLIVAREZ,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, Mule Creek State Prison,<br><br>        Respondent. | Case No. 1:16-cv-00644-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 11) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On March 18, 2016, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On May 9, 2016, the matter was transferred to the Fresno Division. (ECF No. 5). In the instant petition, Petitioner alleges that he was denied a Three Strikes Reform Act sentence reduction under California Penal Code section 1170.126, in violation of due process. On July 11, 2016, Respondent filed a motion to dismiss the petition because it is an unauthorized successive petition, or alternatively, because it fails to raise a federal question. (ECF No. 11). Petitioner has filed an opposition. (ECF No. 17).

1

## II.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

Here, Petitioner challenges the state court's denial of his petition for a Three Strikes Reform Act sentence reduction. Petitioner previously filed a federal habeas petition in this Court challenging the same denial of his Three Strikes Reform Act petition in Olivarez v. Warden, No. 1:14-cv-01354-LJO-MJS.[1] On March 26, 2015, this previous petition was dismissed for failure to state a federally cognizable claim. Order, Olivarez, No. 1:14-cv-01354-LJO-MJS (E.D. Cal. Mar. 26, 2015), ECF No. 24. Petitioner did not appeal the dismissal.

The Court finds that the instant petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  successive only if it raises claims that were or could have been adjudicated on the merits. A
2  disposition is 'on the merits' if the district court either considers and rejects the claims or
3  determines that the underlying claim will not be considered by a federal court."). Petitioner
4  makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition.
5  Accordingly, this Court has no jurisdiction to consider Petitioner's renewed application for relief
6  under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 7, 2016**

UNITED STATES MAGISTRATE JUDGE